Filed 1/11/24  P. v. Woods CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>VIRGIL WOODS,<br><br>        Defendant and Appellant. | A166996<br><br>(San Francisco City & County Super. Ct. No. 21005009) |

**MEMORANDUM OPINION[1]**

Defendant Virgil Woods appeals from his conviction for gross vehicular manslaughter, leaving the scene of an injury accident, misdemeanor hit-and-run driving involving property damage, reckless driving, and making a false report of a crime.  After the jury returned their verdicts on the underlying substantive offenses, the trial court found true allegations that defendant had a prior serious felony conviction (Pen. Code,[2] § 667, subd. (a)(1)) for battery with infliction of serious bodily injury under section 243, subdivision (d) (section 243(d)) which qualified as a strike under the "Three

_____

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2] All statutory references are to the Penal Code unless otherwise indicated.

Strikes" law (§§ 667, subds. (d) & (e), 1170.12, subds. (b) & (c)). At sentencing, the trial court granted defendant's motion to dismiss the prior strike and serious felony findings in the interests of justice under section 1385 and *People v. Superior Court* (*Romero*) 13 Cal.4th 497.

On appeal, defendant contends that the trial court erred in finding the prior strike and serious felony allegations true because his prior conviction for battery with serious bodily injury in violation of section 243(d) did not qualify as a serious or violent felony under California law. The Attorney General agrees, as do we.

Battery is a serious felony and a strike when the defendant inflicts *great* bodily injury. (§§ 667, subd. (d), 1170.12, subd. (b), 667.5, subd. (c)(8), 1192.7, subd. (c)(8).) Here, however, s*erious* bodily injury, not *great* bodily injury, was an element of defendant's prior conviction. (§ 243(d) ["When a battery is committed against any person and *serious bodily injury* is inflicted on the person, the battery is punishable by imprisonment in a county jail not exceeding one year or imprisonment . . . for two, three, or four years." (italics added)].)

As our Supreme Court recently explained: "[N]ot all jury findings of serious bodily injury necessarily entail a finding of great bodily injury." (*In re Cabrera* (2023) 14 Cal.5th 476, 488 (*Cabrera*).) In *Cabrera,* the jury found the defendant guilty of battery with serious bodily injury but deadlocked on charged allegations of infliction of great bodily injury. (*Id.* at pp. 480, 482, 489.) Nonetheless, the trial court imposed a five-year enhancement under section 667, subdivision (a)(1) after concluding the defendant's felonies were serious because there was great bodily injury. (*Cabrera*, at pp. 482, 488.) The California Supreme Court rejected the premise that serious bodily injury and great bodily injury were equivalent as a matter of law. Rather, because

"a jury could reasonably apply the statutory definitions and find a serious bodily injury not to be a great bodily injury, the jury's finding of serious bodily injury . . . did not necessarily establish that [the defendant] inflicted great bodily injury; such a determination was not 'inherent in the jury's verdict.' " (*Id.* at p. 489.) Moreover, the trial court's finding that the serious bodily injury constituted great bodily injury violated the Sixth Amendment under *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490, which requires any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the statutory maximum be submitted to the jury. (*Cabrera*, at pp. 483, 489.)

Thus, following our Supreme Court's holding in *Cabrera*, defendant's conviction for battery with infliction of serious bodily injury is not, as a matter of law, a serious felony or prior strike conviction because it did not require a finding that defendant inflicted great bodily injury. Furthermore, the Attorney General concedes that the record before the court at sentencing did not contain any substantial evidence that defendant committed great bodily injury in connection with the prior offense.

Remand for full resentencing is appropriate when a defendant can demonstrate a reasonable probability of a different result in the absence of the error. (*People v. Avalos* (1984) 37 Cal.3d 216, 233; *People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*) ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].) We agree with the parties that defendant has made such a showing here.

At defendant's sentencing hearing, the trial court announced its tentative sentence, which included the dismissal of the prior strike and

serious felony allegation pursuant to defendant's *Romero* motion. Defense counsel then requested the court impose a lower term sentence of two years for count I, rather than the middle term of four years.

The trial court responded that it "gave a lot of thought to what [defense counsel] suggested just now, in terms of imposing the mitigated terms." In explaining why the court decided against imposing a lower term sentence for count I, the court stated it had already taken defendant's history and the numerous mitigating factors into consideration and gave credit to those mitigating factors in choosing to grant the *Romero* motion, which, the court noted, was "an extraordinary thing to do." Based on the trial court's comments, we agree with the parties that there is a reasonable probability the trial court may have imposed a lower term sentence on count I had it known defendant did not possess a prior strike and serious felony conviction. Accordingly, a remand for resentencing is appropriate so that the court may exercise its informed discretion on this issue. (See *People v. Henderson* (2022) 14 Cal.5th 34, 56 [full resentencing is appropriate where trial court misunderstood scope of its sentencing discretion]; *Buycks*, *supra*, 5 Cal.5th at p. 893.) We express no opinion on how the trial court should exercise its discretion on remand.

Defendant also asserts, and the Attorney General concedes, that certain errors on the abstract of judgment must be corrected. We need not address defendant's contention because the parties may address this issue with the trial court during resentencing.

## DISPOSITION

The true findings on the prior strike and serious felony allegations are reversed and defendant's sentence is vacated. The matter is remanded to the trial court for full resentencing. Following resentencing, the court shall issue

4

a new abstract of judgment and forward it to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.

CASTRO, J.*



WE CONCUR:



HUMES, P. J.



BANKE, J.



A166996
*People v. Woods*

---

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.